IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHANIEL STEWART,
      Petitioner,

vs.                              Case No. 3:12cv21/RV/CJK

TENA PATE,
Commissioner of the Florida Parole Commission,
        Respondent.

_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's amended habeas corpus petition filed under 28 U.S.C. § 2254. (Doc. 4). The Florida Department of Corrections and the Florida Parole Commission each move to dismiss the petition for petitioner's failure to exhaust state court remedies. (Docs. 16, 22, respectively). Relevant portions of the state court record have been provided. (Docs. 16, 32). Petitioner has responded in opposition to dismissal. (Docs. 21, 24, 34). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that this cause should be dismissed for petitioner's failure to exhaust state court remedies.

BACKGROUND AND PROCEDURAL HISTORY

At the time petitioner initiated this action, he was in the custody of the Florida Parole Commission ("FPC") serving a term of Conditional Release. Petitioner was incarcerated at the Escambia County Jail due to his arrest on a felony charge on April 25, 2011. (Doc. 16, Exs. E, F).

Petitioner was initially received by the Florida Department of Corrections ("DOC") on December 12, 1989, having been sentenced in the Circuit Court for Escambia County, Florida on October 25, 1989, and November 14, 1989, to serve an overall 30-year sentence for the following:

| | |
|---|---|
| Case Number: | 86-2080 |
| Term: | Seven (7) years imprisonment, imposed on October 25, 1989 (probation violator) |
| Offense: | Burglary of a Dwelling |
| Date of Offense: | January 13, 1986 |
| | |
| Case Number: | 89-1760 |
| Term: | Thirty (30) years imprisonment as a Habitual Offender (pursuant to Fla. Stat. § 775.084(4)(a)), consecutive to any active sentence, imposed on November 14, 1989 |
| Offense: | Burglary of a Dwelling |
| Date of Offense: | March 30, 1989 |

(Doc. 16, Ex. A, p. 2; Ex. B, pp. 5-16; Ex. C, pp. 17-28).[1] On May 20, 1990, petitioner completed the incarcerative portion of the sentence imposed in Case No. 86-2080, and began service of the consecutive 30-year sentence imposed in Case No. 89-1760. (Ex. A, p. 3). In 2008, the FPC identified petitioner as qualifying for Conditional Release supervision and, on August 14, 2008, ordered that petitioner be released from prison to the terms and conditions of Conditional Release and that

---

[1]All references to exhibits will be to those attached to Doc. 16, unless otherwise noted.

petitioner remain on Conditional Release supervision for a period of time equal to gain time applied to reduce the incarcerative portion of his sentence in Case No. 89-1760, that is, until September 19, 2019. (Ex. A, p. 3; Ex. D, pp. 29-39). At the time of petitioner's release, the term of imprisonment imposed in Case No. 89-1760 was comprised of the following:

> 230 Days Jail Credit
> 6661 Days Time Served from 5/20/90 to 8/14/08
> <u>4059</u> Days Gain Time/Time Not Served
> 10950 Days (30 years)

(Ex. A, p. 3). On April 28, 2011, the FPC issued a Warrant For Retaking Conditional Release, charging that petitioner violated his conditional release in reference to a burglary with which he had been charged in Escambia County. (Ex. E, pp. 40-42). Petitioner initiated this habeas proceeding while incarcerated at the Escambia County Jail awaiting trial on the new criminal charge(s). (Doc. 1; Doc. 16, Ex. F, pp. 43-44). Petitioner challenges the FPC's placement of him on conditional release. (Doc. 4, p. 4). Petitioner is now incarcerated at Walton Correctional Institution. (Doc. 26).

Petitioner asserts that the Conditional Release program should not have been applied to him, because the Florida Supreme Court did not decide that the Conditional Release statute applied to habitual offenders until October 1989, which was after petitioner's offense date. (Doc. 4, p. 4). Petitioner argues that it would be an unlawful retroactive application of the law to place him on Conditional Release, because the crime for which he was sentenced as a habitual offender occurred in March of 1989, five months prior to the state supreme court's decision. (*Id.*). Petitioner asserts that he raised this claim in a postconviction motion filed under Florida Rule of Criminal Procedure 3.850, which he filed two years prior to his release on Conditional Release to avoid the statute being applied to him. (*Id.*). As

relief, petitioner asks the Court to "set-aside and vacate conditional release program with violation, and grant liberty from states [sic] Dept. of Corrections and Parole Commission, by federal and state high constitutional laws and decisions pertaining to this case." (*Id.*, p. 6).

The DOC and FPC move to dismiss this case on the grounds that petitioner failed to properly exhaust his state court remedies. (Docs. 16, 22).

## DISCUSSION

Petitioner's habeas corpus petition is subject to both 28 U.S.C. § 2241 and the requirements of § 2254, even though the petition does not collaterally attack petitioner's state court conviction but instead attacks a decision of the state parole commission. *Thomas v. Crosby*, 371 F.3d 782, 787-88 (11th Cir. 2004). Section 2254 provides that before federal habeas relief can be granted, the petitioner must exhaust all available state court remedies with respect to his claims, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct'

---

[2]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.

Petitioner asserts that he exhausted his state court remedies with respect to his claim by filing a postconviction motion in Case No. 89-1760 in 2005 or 2006. (Doc. 4, p. 4; Doc. 21; Doc. 24). Respondent has provided a copy of petitioner's postconviction motion and the state court's dismissal order from that proceeding. (Doc. 32, Exs. A, B). The record establishes that on May 22, 2005, petitioner filed (in Case No. 89-1760) a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800, arguing that his judgment of conviction and sentence violated due process, because at the time he went to trial he was not made aware (via statute, the trial judge or defense counsel) that he would be subject to Conditional Release supervision. (Doc. 32, Ex. A, pp. 2, 3). Petitioner asserted that had he been aware he would be subject to Conditional Release, he would have resolved his case on a plea agreement. (*Id*., p. 3). In an order dated September 26, 2005, the state court construed petitioner's motion as one for postconviction relief filed under Fla. R. Crim. P. 3.850, and dismissed the motion with prejudice. (Doc. 32, Ex. B). The state court explained:

> In the instant motion, defendant essentially alleges that the discovery of "newly discovered evidence" regarding conditional release reveals that his decision to proceed to trial was involuntary. Defendant's motion is successive and untimely. Defendant's judgment

and sentence were affirmed by the First District Court of Appeal via mandate and opinion filed with this Court on November 20, 1990. Defendant filed his first motion for postconviction relief on February 20, 1991. This Court denied said motion via an order filed March 1, 1991. Defendant appealed the order denying his Fla.R.Crim.P. 3.850 motion, which was affirmed via mandate and opinion filed with the Court on November 19, 19981. Defendant's instant motion is obviously successive.

Additionally, Defendant files the instant motion *almost thirteen years* past the time limitation for filing a Fla.R.Crim.P. 3.850 in the instant case. See Fla.R.Crim.P. 3.850(b). Even though Defendant infers that he just recently learned he would be subject to conditional release, such a claim does not rise to the level of being considered "newly discovered evidence." A successful claim of newly discovered evidence must meet two requirements. First, the asserted facts must have been unknown at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of due diligence. Second, the newly discovered evidence must be of such a nature that it would probably produce an acquittal at retrial. See Torres-Arboleda v. Dugger, 636 So.2d 1321 (Fla. 1994). Defendant's allegations are not "newly discovered evidence" in that the information regarding conditional release is not considered evidence, nor would such information have likely resulted in an acquittal or retrial. Consequently, the instant motion is both successive and untimely and will not be further addressed by this Court.

(Doc. 28, Ex. B) (footnotes omitted). The Florida First District Court of Appeal per curiam affirmed without written opinion. *Stewart v. State*, 923 So.2d 497 (Fla. 1st DCA 2006) (Table).

Respondent FPC asserts that petitioner's attempt to challenge his prospective placement on conditional release through the postconviction motion was not the proper procedure for challenging the FPC's administrative action. (Doc. 22, p. 4). Petitioner's challenge should have been brought via a petition for writ of habeas

corpus or mandamus in the appropriate state circuit court. (*Id.*) (*citing Sheley v. Fla. Parole Comm'n*, 720 So.2d 216 (Fla. 1998), *and Johnson v. Fla. Parole Comm'n*, 610 So.2d 624 (Fla. 1st DCA 1992)). The FPC asserts, and petitioner does not dispute, that petitioner has not filed a petition seeking mandamus relief or a petition seeking habeas corpus relief in any state circuit court arguing that the FPC unlawfully retroactively applied the Conditional Release statute to him. The FPC asserts that "[o]nce the state court has a chance to consider and rule on the Petitioner's issues, and all appeals of the decision are complete, then the Petitioner may bring his challenges in this Court." (Doc. 22, pp. 4-5). Neither the FPC nor the DOC asserts a procedural default defense. Respondent FPC asserts that petitioner may still attempt to exhaust his state remedies by seeking mandamus or habeas corpus relief in the state circuit court and, if denied, by seeking further review in the appropriate state appellate court by petitioning for certiorari review.

Petitioner argues that this Court should review his claims, because they involve "constitutional issues" and the state court did not address them. (Doc. 34, p. 4). Petitioner states that the state court should have advised him in its dismissal order that he could re-file his challenge to the FPC's application of the Conditional Release statute via a petition for writ of habeas corpus or mandamus. (*Id.*, p. 5).

Petitioner's argument does not change the fact that his attempt to challenge the FPC's prospective administrative action (applying the Conditional Release statute to him) by filing a postconviction motion in his underlying criminal case directed at his conviction does not constitute proper exhaustion of state court remedies for purposes of 28 U.S.C. § 2254(b), because petitioner failed to use the proper procedural vehicle. *Sheley*, 720 So.2d at 217-18. Accordingly, the motions to dismiss (docs. 16, 22) should be granted, and this case dismissed without prejudice to petitioner seeking

federal habeas relief after he has properly exhausted his state court remedies.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the DOC's and FPC's motions to dismiss (docs. 16, 22) be GRANTED.

2. That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust state court remedies.

3. That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 20th day of December, 2012.


                        /s/ *Charles J. Kahn, Jr.*
                        **CHARLES J. KAHN, JR.**
                        **UNITED STATES MAGISTRATE JUDGE**




                    NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).